# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| **RENOLD A. PAYNE,** | : | VIOLATIONS: |
| Defendant. | : | **18 U.S.C. § 922(g)(1)** |
| | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of |
| | : | Crimes Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | **21 U.S.C. § 841(a)(1) and § 841(b)(1)(C)** |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute Cocaine) |
| | : | **21 U.S.C. § 841(a)(1) and § 841(b)(1)(C)** |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute Cocaine Base) |
| | : | **18 U.S.C. §924(c)(1)** |
| | : | (Using, Carrying and Possessing a |
| | : | Firearm during a Drug Trafficking |
| | : | Offense) |
| | : | |
| | : | **FORFEITURE:   18 U.S.C. § 924(d);** |
| | : | **21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c)** |

## I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

On or about September 25, 2015, within the District of Columbia, **RENOLD A. PAYNE,** having been convicted of crimes punishable by imprisonment for a term exceeding one year, in D.C. Superior Court, Criminal Case Nos. 2011-CF2-8561 and 2010-CF2-3297, did unlawfully and knowingly receive and possess a firearm, that is, a Ruger .40 caliber semi-automatic pistol, and did

unlawfully and knowingly receive and possess ammunition, that is, .40 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

    (**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crimes Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWO

On or about September 25, 2015, within the District of Columbia, **RENOLD A. PAYNE,** did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

    (**Unlawful Possession with Intent to Distribute Cocaine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT THREE

On or about September 25, 2015, within the District of Columbia, **RENOLD A. PAYNE,** did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance.

    (**Unlawful Possession with Intent to Distribute Cocaine Base**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT FOUR

On or about September 25, 2015, within the District of Columbia, **RENOLD A. PAYNE**, did unlawfully and knowingly use, and carry during and in relation to, and possess in furtherance of, a drug trafficking offense, for which he may be prosecuted in a court of the United States, that is Counts Two and Three of this Indictment which is incorporated herein, a firearm, that is, a Ruger .40 caliber semi-automatic pistol.

    (**Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense**, in violation of Title 18, United States Code, Sections 924(c)(1))

## FORFEITURE ALLEGATION

1.  Upon conviction of the offenses alleged in Counts One and/or Four of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Ruger .40 caliber semi-automatic pistol and .40 caliber ammunition.

2.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the Court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 924(d), Title 21, United States Code, 853(p) and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia